IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM O'BRIEN, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> V. <br><br> TD Ameritrade Holding Corporation, TD AMERITRADE, Inc., TD AMERITRADE Services Company, Inc., TD AMERITRADE Clearing, Inc., and TD AMERITRADE Online Holdings Corp., <br><br> Defendants. | § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. _____ |

**PLAINTIFF'S COMPLAINT**

Plaintiff William O'Brien ("Plaintiff" or "O'Brien"), on behalf of himself and all others similarly situated, files this Complaint against TD Ameritrade Holding Corporation, ("TD HOLDING"), TD AMERITRADE, Inc. ("TD AMERITRADE"), TD AMERITRADE Services Company, Inc. ("TD SERVICES"), TD AMERITRADE Clearing, Inc. ("TD CLEARING"), and TD AMERITRADE Online Holdings Corp. ("TD ONLINE Holdings") (collectively "Defendants") showing in support as follows:

**INTRODUCTION AND SUMMARY**

1.  This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., on behalf of client services representatives for Defendants.

2.  The Plaintiff is employed as a Client Services Representative for Defendants. He is paid hourly and classified as non-exempt from the FLSA.

3. In the three years prior to the filing of this lawsuit, Defendants collectively employed and employ hundreds of current and former Client Service Representatives ("the putative collective action members"). Most of the putative collective action members are in either the northern region of Texas or Nebraska.

4. Defendants pay Plaintiff and the putative collective action members (1) an hourly wage; (2) commissions; and (3) non-discretionary performance bonuses.

5. Defendants failed to comply with the FLSA in a very fundamental way: They failed to include commissions and non-discretionary performance bonuses earned by Plaintiff and the putative collective action members in their regular rate of pay, shortchanging the amount owed to them under the FLSA in weeks in which they worked overtime.

**6.** Accordingly, Defendants did not pay Plaintiff and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

## THE PARTIES, JURISDICTION AND VENUE

7. Plaintiff is a current employee of Defendants and is a natural person who resides within the Northern District of Texas. He has standing to file this lawsuit. He has worked for Defendants at a location within the Northern District of Texas from approximately June 2006 to present.

8. The putative collective action members are all current and former Client Service Representatives who are and were employed by Defendants during the three-year period preceding the filing of this Complaint. Like the named Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Defendants. All of the putative collective action members are similarly situated to Plaintiff and to one another, within the

meaning of Section 216(b) of the FLSA.  Many of the putative collective action members performed work for Defendants in the State of Texas.

9. Defendants are all foreign corporations with their principal places of business in Omaha, Nebraska.

10. TD HOLDING is a publicly traded company (NASDAQ: AMTD).  Through itself and its affiliated and subsidiary companies, it is a leading provider of securities brokerage services and technology-based financial services to retail investors, traders and independent registered investment advisors.  TD HOLDING and its affiliated and subsidiary companies provide their services predominantly through the Internet.  It was the first brokerage firm to offer the public touch-tone trading, trading over the Internet, unlimited, streaming, free-real-time quotes, extended trading hours, direct access to market destinations, and commitment on the speed of order execution.

11. In its most recent 10-k filing, TD HOLDING reported over a billion dollars of liquid assets as of September 30, 2010.  It also reported possessing more than $740 million in cash and cash equivalents.

12. The other corporate Defendants are affiliated companies or subsidiary companies of TD HOLDING.

13. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  For years, Defendants have done business in the State of Texas, and they continue to do business in the State of Texas.

14. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases his claim and the claim on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

**FACTUAL BACKGROUND**

15.     Plaintiff and the putative collective action members work and worked for Defendants as customer services representatives within the past three years.  Plaintiff worked in the Northern District of Texas.  Most of the putative collective action members work in either the northern region of Texas or Nebraska.

16.     Plaintiff and the putative collective action members were not customarily and regularly engaged away from the employer's place or places of business.

17.     Plaintiff and the putative collective action members' primary duty was and is to take telephone calls from clients and answer questions related to the clients' accounts.  They would also ask Defendants' clients if they were interested in transferring accounts they may hold at competitor companies to one or more of the Defendants' companies.  They would further inquire if clients were interested in receiving investment guidance from Defendants' investment consultants.  If the client demonstrated interest in moving his or her account to Defendants, or interest in speaking with an investment advisor, the Plaintiff and putative collective action members would forward the telephone call to another appropriate employee.

18.     If a call was or is forwarded, it is called a "branch lead referral."   Plaintiff and the putative collective action members would be entitled to commissions based on either forwarding and/or forwarding and converting branch lead referrals.

19.     Plaintiff and the putative collective action members were paid (1) an hourly rate; and (2) commissions; and (3) non-discretionary performance bonuses.

20.     If they were paid overtime, Defendants paid overtime to Plaintiff and the putative collective action members by paying the employee 1.5 times the employee's hourly rate for hours worked over 40 in a workweek.

21. Defendants failed to factor in commissions and non-discretionary performance bonuses into the Plaintiff's and the putative collective action members' regular rate of pay.

## CONTROLLING LEGAL RULES

22. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

23. Plaintiff and the putative collective action members were not "exempt" from the overtime laws. They were classified as non-exempt from the FLSA.

24. Plaintiff was and is paid based on the number of hours he works. He is also paid commissions and bonuses. If overtime was paid, it was paid at one and one-half times his hourly rate. Commissions and non-discretionary bonuses, however, were not factored into the overtime or "regular rate."

25. Bonuses to Plaintiff and putative collective action members were not dependent on the number of hours worked.

26. Failing to include commissions and/or non-discretionary bonuses in the regular rate of pay is a violation of the FLSA.

27. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

28. The Supreme Court has described that the term regular rate "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)).

29. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108;

*accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

30. Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular rate. 29 C.F.R. § 778.117. In its entirety, the regulation reads:

> **Commissions** (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and **must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission.** It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

(emphasis added)

31. The Fifth Circuit has determined that the failure to include commissions in the calculation of overtime is "in violation of the department regulations defining 'regular' and overtime pay." *Donovan v. Grantham*, 690 F.2d 453, 457 (5th Cir. 1982). Other courts have reached the same conclusion. *Solis v. Tally Young Cosmetics, LLC,* No. 09-CV-4804, 2011 WL 1240341, at *8 (E.D.N.Y. Mar. 4, 2011); *Kaiser v. At The Beach, Inc.*, No. 08-CV-586-TCK-FHM, 2010 WL 5114729, at *16 (N.D. Okla. Dec. 9, 2010) ("[t]here is no question that commissions … must be included when deriving a 'regular rate' for purposes of calculating the amount of overtime due, in the event that FLSA liability is established"); *Powers v. Centennial Commc'ns Corp.*, 679 F. Supp. 2d 918, 921 (N.D. Ind. 2009) ("[s]ince commissions are to be included in her regular rate, 29 C.F.R. 778 § 778.117, and overtime"); *Haynes v. Singer Co., Inc.*, TCA 79-0892, 1981 WL 2344, at *6 (N.D. Fla. June 19, 1981) ("[c]ommissions are considered payments for hours worked and must be included in the regular rate of pay").

32. Non-discretionary performance bonuses must also be included in the regular rate of pay. 29 U.S.C. §§ 207(e) & (e)(3)(a) (noting that the "regular rate … shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include … (3) sums paid in recognition of services performed during a given period if … (a) both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly …"; 29 C.F.R. § 778.211 ("[b]onuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay"); *accord McLaughlin v. McGee Bros. Co., Inc.*, 681 F. Supp. 1117, 1113 ("In other words, in order for a payment to be excludable pursuant to § 7(e)(3), each of four independent requirements must be met: The employer must retain discretion as to whether the payment will be made; The employer must retain discretion as to the amount; The employer must retain discretion as to the payment of the bonus until near the end of the period which it covers; and The bonus must not be paid pursuant to any prior contract; agreement, or promise. **It is clear in this case that incentive-type bonuses were given pursuant to an agreement or understanding as a reward for specific employee behavior and therefore must be included in the regular rate**") (emphasis added) (internal citations omitted); *accord Gonzalez v. McNeil Techs., Inc.*, Civil Action No. 1:06cv204, 2007 WL 1097887, at *4 (E.D. Va. Apr. 11, 2007) ("It follows that in determining the regular rate of pay, a bonus which in fact constitutes part of an employee's compensation, rather than a true gratuity, must be included, even if such bonuses are not determined or paid until some time after the regular pay day") (citing *McLaughlin*, 681 F. Supp. 1117 at 1133-34 (citing *Walling v. Harnischfeger Corp.*, 325 U.S. 425 (1945))).

33. The Fifth Circuit has affirmed this interpretation of the law since it first heard a case about the issue in 1948. *Jacksonville Paper Co. v. McComb*, 167 F.2d 448, 450-51 (5th Cir. 1948), *rev'd on other grounds*, 336 U.S. 187 (1949) (finding that when a bonus was "declared payable … it seems to us that by continuing to work the employee could enforce payment each month, and that he was working for it as well as for his other wages, so that it became part of his regular compensation for each work week, and would have to be considered as such in computing any overtime. Failure so to regard it was in violation of the Act.")

## FLSA CLAIM FOR OVERTIME PAY

34. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq*.

35. All conditions precedent to this suit, if any, have been fulfilled.

36. At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. § 203(e).

37. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and are and/or were employees under the FLSA. 29 U.S.C. § 203(e).

38. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

39. At times, Plaintiff and the putative collective action members worked in excess of 40 hours per seven-day workweek in the three-year period of time preceding the filing of this lawsuit.

40. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

41. The regular rate of pay must include commissions. 29 U.S.C. § 207(e); 29 C.F.R. § 778.117.

42. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

43. Defendants failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

44. Defendants failed to include commission payments in the regular rate of pay to Plaintiff.

45. Defendants failed to include commission payments in the regular rate of pay to the putative collective action members.

46. Defendants failed to include non-discretionary bonus payments in the regular rate of pay to Plaintiff.

47. Defendants failed to include non-discretionary bonus payments in the regular rate of pay to the putative collective action members.

48. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

49. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

50. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide

basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

51.   Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former customer service representatives who were employed by Defendants and who received commissions and/or bonuses during the three-year period preceding the filing of this complaint."

## JURY DEMAND

52.   Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

53.   Plaintiff asks that the court issue a summons for Defendants to appear and answer, and that Plaintiff and those persons similarly situated to Plaintiff be awarded a judgment against Defendants for the following:

    a.   Actual damages in the amount of unpaid overtime wages;

    b.   Liquidated damages under the FLSA;

    c.   Pre-judgment and post-judgment interest;

    d.   Court costs;

    e.   Reasonable attorneys' fees; and

    f.   All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

-11-

Respectfully submitted,

By: s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

Allen R. Vaught
BARON & BUDD, P.C.
State Bar No. 24004966
3102 Oak Lawn Avenue, Suite 110
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1191 - Facsimile

ATTORNEYS FOR PLAINTIFF

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William O'Brien, on behalf of himself and all others similarly situated,

### DEFENDANTS
TD Ameritrade Holding Corporation, TD AMERITRADE, Inc., TD AMERITRADE Services Company, Inc., TD AMERITRADE Clearing, Inc., AND TD AMERITRADE Online Holdings Corp.

**(b)** County of Residence of First Listed Plaintiff: **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edwin Sullivan, Oberti Sullivan LLP, 723 Main St., Ste. 340, Houston, TX 77002; (713) 401-3555; Allen R. Vaught, Baron & Budd, P.C., 3102 Oak Lawn Ave., Ste. 110, Dallas, TX 75219; (214) 521-3605

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**29 U.S.C. Section 201 et seq.**
Brief description of cause:
Claims for overtime pay

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 08/26/2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Edwin Sullivan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____